IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-02234-RBJ-MJW

NATHAN YBANEZ,

Plaintiff(s),

v.

WARDEN KEVIN MILYARD,
MARY COX-BERGMAN,
STEVEN MAY,
VARIOUS JOHN DOES, and
VARIOUS JANE DOES, all sued in their individual and official capacities,

Defendant(s).

---

## RECOMMENDATION THAT THE CLAIMS AGAINST
## JOHN AND JANE DOES BE DISMISSED WITHOUT PREJUDICE

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This case is before this court pursuant to an Order of Reference to Magistrate

Judge issued by Chief Judge Wiley Y. Daniel on September 20, 2011.  (Docket No. 14).

The case was subsequently reassigned to Judge R. Brooke Jackson on September 26,

2011, upon his appointment.  (Docket No. 15).

This action was commenced on September 13, 2010.  (Docket No. 1).

Nevertheless, the plaintiff has not yet amended his Amended Complaint to identify any

of the "Various John Does" and "Various Jane Does" defendants.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

If a defendant is not served within 120 days after the complaint is filed, the
court–on motion or on its own after notice to the plaintiff–must dismiss the

> action without prejudice against that defendant or order that service be
> made within a specified time.  But if the plaintiff shows good cause for the
> failure, the court must extend the time for service for an appropriate
> period.  This subdivision (m) does not apply to service in a foreign country
> under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).  Furthermore, Rule 41(b) provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a
> court order, a defendant may move to dismiss the action or any claim
> against it.  Unless the dismissal order states otherwise, a dismissal under
> this subdivision (b) and any dismissal not under this rule–except one for
> lack of jurisdiction, improper venue, or failure to join a party under Rule
> 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  In addition, Rule 16(f) provides in pertinent part that "[o]n motion

or on its own, the court may issue any just orders, including those authorized by Rule

37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . .(C) fails to obey a scheduling or other

pretrial order."  Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced in

Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated
> matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order
> except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Finally, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case

should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.  If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, on December 20, 2011, this court issued an Order to Show Cause (Docket No. 30) in which a Show Cause Hearing was set for March 19, 2012, at 9:00 a.m. at which the plaintiff was directed to show cause why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 and/or Fed. R. Civ. P. 4(m), 16(f), and/or 41(b) as against the John Doe and Jane Doe defendants for failure to identify them, failure to serve them, and failure to prosecute his claims against them.  At that Show Cause Hearing, plaintiff was still unable to identify any of the John Doe and Jane Doe defendants.

It is thus hereby

**RECOMMENDED** that the claims against the John Doe and Jane Doe defendants be dismissed without prejudice pursuant to D.C.COLO.LCivR 41.1 and/or Fed. R. Civ. P. 4(m), 16(f), and/or 41(b) based upon the plaintiff's failure to identify them, failure to serve them, and failure to prosecute his claims against them.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need**

not consider frivolous, conclusive, or general objections.  A party's failure to file

and serve such written, specific objections waives *de novo* review of the

recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985),

and also waives appellate review of both factual and legal questions.  <u>Makin v.</u>

<u>Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>,

91 F.3d 1411, 1412-13 (10th Cir. 1996).


Dated:        March 19, 2012              <u>s/ Michael J. Watanabe</u>
              Denver, Colorado            Michael J. Watanabe
                                          United States Magistrate Judge