IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 10-cv-2234-RBJ-MJW

NATHAN YBANEZ,

    Plaintiff.

v.

WARDEN KEVIN MILYARD,
MARY COX-BERGMAN,
STEVEN MAY,
VARIOUS JOHN DOES, and
VARIOUS JANE DOES, all sued in their individual and official capacities.

    Defendants.

# ORDER

This matter comes before the Court on Magistrate Judge Watanabe's March 19, 2011 "Recommendation that Claims against John and Jane Does be Dismissed without Prejudice" [#33] and Mr. Ybanez's "Written Objection to Magistrate Scheduling Order" [#29].

**Facts**

This is a pro se prisoner complaint regarding the policy or practice of handling inmate mail at the Sterling Correctional Facility ("SCF"), an institution within the Colorado Department of Corrections. The defendants named are (1) Kevin Milyard who was the warden of the SCF when the actions complained of allegedly occurred; (2) Mary Cox-Bergman, the "Major of the SCF Mail Room;" (3) Steven May, the acting supervisor of the SCF Mail Room; and (4) various John and Jane Does. Mr. Ybanez seeks awards of money damages based upon allegations that defendants are responsible for the destruction of two items of attorney mail in December 2008

and January 2009; the destruction of a Christmas card sent to him by another attorney in December 2008; and (3) a policy concerning rejected mail that was adopted in 2007.

**Conclusions**

Recommendation that the Claims Against John and Jane Does be Dismissed Without Prejudice [#33].

Magistrate Judge Watanabe recommended that the claims asserted against the John Doe and Jane Doe defendants be dismissed without prejudice based upon Mr. Ybanez's failure to identify or serve them and his failure to prosecute his claims against them. On December 20, 2011 Judge Watanabe issued an Order to Show Cause [#30], setting a date for a Show Cause Hearing at which Mr. Ybanez was to directed to show cause as to why this case should not be dismissed against the John Doe and Jane Doe defendants. The Show Cause Hearing took place on March 19, 2012, and Mr. Ybanez was unable to identify any of the John and Jane Doe defendants. Therefore, Magistrate Judge Watanabe issued a written of order recommending that the claims asserted against the John Doe and Jane Doe defendants be dismissed without prejudice pursuant to D.C. Colo. L. Civ. R. 41.1 and Fed. R. Civ. P. 4(m), 16(f), and 41(b).

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation (#886). Despite this advisement, no objections were filed by either party. "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

The Court has reviewed all the relevant pleadings concerning the Recommendation. Based on this review, the Court concludes that the Magistrate Judge's analyses and recommendations are correct, and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Therefore, the Court ADOPTS the Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.

Written Objection to Magistrate Judge Scheduling Order [#29].

On December 30, 2011 Mr. Ybanez filed an objection to the scheduling order entered by Magistrate Judge Watanabe on December 20, 2011 [#29]. Specifically, Mr. Ybanez objects to being limited to only twenty-five written interrogatories per side, rather than twenty-five per party. *Id.* at ¶1. Mr. Ybanez argues that this will give the defendants an unfair advantage, because he is the only plaintiff, while there are three named defendants.

An order on a motion that is not dispositive of a claim or defense is reviewed for clear error: "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72(a). When reviewing non-dispositive motions "district courts review such orders under a 'clearly erroneous or contrary to law' standard of review." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir. 1988) (citing 28 U.S.C. § 636(b)(1)(A)).

The Court is given wide discretion to enlarge, or place limitation upon, the number of interrogatories permitted in any given case. *See* Fed. R. Civ. P. 33 (a)(1). Magistrate Judge Watanabe's limitation of twenty-five interrogatories per *side* is not clearly erroneous or contrary to law. I note as well that the scheduling order permits 25 requests for production per side, 25 requests for admission per side, and five depositions per side plus experts. I realize that Mr. Ybanez may not have the resources to conduct the depositions permitted. However, he has not

shown that the limits placed on interrogatories have, in fact, unfairly interfered with his ability to obtain necessary and appropriate discovery. Therefore, Mr. Ybanez's objection is denied.

**Order**

1. The Recommendation of the United States Magistrate Judge, Doc. [#33], is GRANTED. All claims against the John Doe and Jane Doe defendants are dismissed without prejudice.

2. Mr. Ybanez's Objection to the Scheduling Order [#31] is DENIED.

DATED this 29th day of May, 2012.

                          BY THE COURT:

                          _____
                          R. Brooke Jackson
                          United States District Judge